PER CURIAM.
The plaintiffs in a personal injury suit sought production of the defendant’s safety manual. Defendant claimed the request was overbroad and irrelevant. The court issued an agreed order on the plaintiffs’ motion to compel production. According to the order, defendant’s counsel was to permit inspection of the manual. During this inspection, plaintiffs’ counsel was to tag the pages for which he sought copies. Defendant was ordered to either produce the requested pages or notify the plaintiffs that it considered the pages trade secrets, in which case the plaintiffs could move to have the pages turned over to the trial judge for in camera inspection. Thus, the trial judge could decide plaintiffs’ right to use the pages.
Plaintiffs’ counsel viewed the manual and tagged the pages he deemed necessary for the preparation of his case. Defendant’s counsel assured him the pages would be forthcoming unless the defendant considered them trade secrets, in which case plaintiffs would be notified so that they could move for an in camera inspection. Instead of following the court’s order, the defendant withheld the documents and failed to notify the plaintiffs of its decision not to release the pages. Defendant then moved for summary judgment.
We reverse on the state of the record, as it was premature for the trial court to award the defendant summary judgment when the plaintiffs, through no fault of their own, had not completed discovery. Societe Euro-Suisse v. Citizens & Southern Int’l Bank, 394 So.2d 533 (Fla. 3d DCA 1981); Commercial Bank of Kendall v. Heiman, 322 So.2d 564 (Fla. 3d DCA 1975). We do not pass on the merits of the plaintiffs’ complaint. The matter is returned to the trial court for further proceedings, which may include subsequent motions for summary judgment when discovery is completed.
Reversed and remanded, with directions.